UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>                     Plaintiff,<br><br>             v.<br><br>CHICK-FIL-A, et al.<br><br>                     Defendants. | Case No.  1:24-cv-01471-JLT-HBK<br><br>SCREENING ORDER<br><br>FEBRUARY 18, 2025 DEADLINE |

Plaintiff Candace Smith ("Plaintiff"), who is proceeding pro se, initiated this civil action on December 3, 2024, by filing a form "Complaint for Civil Case." (Doc. No. 1, "Complaint"). The Court granted Plaintiff's application to proceed *in forma pauperis*. (Doc. No. 3). Plaintiff's Complaint is currently before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Upon review, the Court finds the Complaint does not set forth any basis for federal subject matter jurisdiction and fails to state a cognizable claim for relief. The Court will afford Plaintiff an opportunity to file an amended complaint before recommending this case be dismissed for lack of subject matter jurisdiction.

**SCREENING REQUIREMENT AND STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case "at any time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. 28 U.S.C § 1915(e)(2)(B)(ii)-(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*). A complaint, however, should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him to relief. *Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997). A complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At this stage, the court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). The Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

Due to Plaintiff's pro se status, the Court must liberally construe the Complaint in the light most favorable to the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr*., 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

**SUMMARY OF OPERATIVE COMPLAINT**

Plaintiff names the following twenty-one defendants in her Complaint: (1) Chick-Fil-A; (2) Planet Fitness; (3) McDonald's Incorporated; (4) West Coast Hotel Management LLC; (5)

Kemper Insurance; (6) Farmers Insurance; (7) Kasier Hospital; (8) Community Hospital; (9) Dannette Noval; (10) Michael Cordoza; (11) City of Fresno; (12) Linda Scott; (13) Agape Schools; (14) Lashun Smith; (15) Mercy Ayodele; (16) Ramada Inn; (17) Private Security Company; (18) Uber Technologies; (19) Saint Agnes Hospital; (20) University Square's Tran; and (21) University Inn's Armando. (Doc. No. 1 at 1-3).

Under the "Basis of Jurisdiction" section of the Complaint, Plaintiff checks "diversity of citizenship." Plaintiff leaves blank the section of the form where Plaintiff is directed to provide the citizenship of herself and each of the named defendants. (*Id*. at 4-5). Plaintiff states the amount in controversy is $600,000. (*Id*. at 5). Despite checking "diversity of citizenship" as the basis of jurisdiction, Plaintiff also identifies "violation of civil rights" and "domestic terrism [sic])" in her response to whether the basis of jurisdiction is a federal question. (*Id*. at 4). Due to its brevity, the Court cites in full Plaintiff's statement of claim:

> Stalking Harassment & violation of civil rights. Upon such the domestic terrorism & violation of the plaintiff rights which putting bans are illegal. Withholding revenue & stealing of recourse of for retribution of lost. Attaching & planning terrisot attacks through false police calls. Jackings, car thefts, druggings, attempted rapes. Lying & counterfeit information. Attorney & institution of identity thefts & forging of information, thefts & wholelistic gang operation among government & profession employee & theft.

(*Id*. at 5, unedited). As relief, Plaintiff seeks punitive damages, damages for physical and mental injuries, and "return of stolen items." (*Id*. at 6).

## DISCUSSION

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at any time by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988). A federal court is presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The "presence or

3

absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). If a federal court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Jurisdiction founded on 28 U.S.C. § 1332 requires the parties be in complete diversity and the amount in controversy exceed $75,000. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person is considered domiciled in the place they reside if they intent to remain there or intend to return there. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); *see also Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

Here the Complaint does not provide the citizenship of any of the parties, including Plaintiff. Thus, the Complaint facially fails to meet the requirement to establish diversity jurisdiction under §1332.

Turning to federal question jurisdiction,[1] a federal question is presented in an action when the claim "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112–113 (1936).

Liberally construed, the Complaint suggests that Smith may have been the victim of some crime. No matter how liberally construed, the Court cannot independently discern from the face of the Complaint what federal question is presented. Plaintiff's rambling allegations do not allege

---

[1] The complaint does not assert jurisdiction based on federal, (*see generally* Doc. No. 1), but the Court evaluates the Complaint on this basis considering Plaintiff's pro se status and her reference to "civil rights."

the involvement of any state actor or otherwise implicate the United States Constitution or any federal statutes. (*Id*. at 5). To the extent that Smith seeks to bring a claim for tort or fraud under state law, she must pursue that claim in state court. 28 U.S.C. § 1367(c)(3).

Because the Complaint fails to establish any basis for federal subject matter jurisdiction, the Court lacks authority to adjudicate Plaintiff's claims but will afford Plaintiff an opportunity to file an amended complaint if she can cure this defect. In addition to failing to provide a basis for subject matter jurisdiction, Plaintiff's Complaint does not provide a plain statement of her claims, fails to allege a casual connection between any defendant and any act of wrongdoing, and (other than the City of Fresno) fails to identify any defendant who may be deemed a state actor. In preparing an amended complaint, the Court advises Plaintiff of some basis procedural and legal tenets.

### B. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

### C. State Actor

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (citing *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)); *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). An individual defendant is not liable on civil rights claim unless

1  the facts establish either the defendant's personal involvement in the constitutional deprivation or
2  a causal connection between the defendant's wrongful conduct and the alleged constitutional
3  deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d
4  740, 743-44 (9th Cir. 1978).

5  City or county governments, including departments within them such as the Sheriff's
6  Department, cannot be held liable under section 1983 for the acts of an employee.  M*onell v.*
7  *Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).  To state a section 1983 claim
8  against the City or County as a whole, plaintiff would have to allege that a department policy or
9  custom caused his injuries.  *Hyun Ju Park v. City & Cty. of Honolulu*, 952 F.3d 1136, 1141 (9th
10 Cir. 2020).

## CONCLUSION AND OPTIONS

12  Plaintiff's Complaint fails to establish federal subject matter jurisdiction, fails to comply
13 with Federal Rule of Civil Procedure 8, and fails to state a cognizable claim upon which relief
14 may be granted.  To continue the prosecution of this action, Plaintiff must take one of the
15 following three options no later than February 18, 2025.

16  **First Option**:  Because the Court cannot determine that the filing of an amended
17 complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff an
18 opportunity to file an amended complaint if she chooses.  Fed. R. Civ. P. 15(a)(2); *Lopez v. Smith*,
19 203 F.3d 1122, 1126-30 (9th Cir. 2000).  An amended complaint supersedes (replaces) the
20 original complaint and, thus, the amended complaint must be free-standing and complete.  *Lacey*
21 *v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*); E.D. Cal. Local Rule 220.
22 Each claim and the involvement of each defendant must be sufficiently alleged.  The amended
23 complaint should title "First Amended Complaint," include the above case number, and be an
24 original signed and dated under penalty of perjury.  Plaintiff may not change the nature of this
25 suit or adding unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607
26 (7th Cir. 2007) (no "buckshot" complaints).

27  **Second Option**:  Plaintiff may file a Notice stating she intends to stand on her current
28 Complaint subject to the undersigned recommending the district court dismiss the Complaint for

the reasons stated in this Order.

**Third Option**: Because no defendant has yet been served, Plaintiff may file a Notice of Voluntarily Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1). The Court will then dismiss this case without prejudice as a matter of law.

Alternatively, if Plaintiff fails to timely respond to this Court Order, *i.e.*, fails to perform any of the three options, the undersigned will instead recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order under Local Rule 110 and/or for failing to prosecute this action under Federal Rule of Civil Procedure 41(b).

Accordingly, it is **ORDERED**:

1. **No later than February 18, 2025**, Plaintiff shall take one of the following actions: (a) file a First Amended Complaint; (b); file a Notice that she intends to stand on the Complaint as screened subject to the undersigned recommending the district court dismiss the Complaint for the reasons stated in this Order; (c) file a Notice to voluntarily dismiss this action without prejudice under Fed. R. Civ. P. 41.

**2. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.**

3. The Clerk of Court shall include a blank non-prisoner civil rights complaint form for Plaintiff's use as appropriate.

Dated:   January 15, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

7