UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHICK-FIL-A, et al.<br><br>　　　　　Defendants. | Case No.  1:24-cv-01471-JLT-HBK<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION<br><br>FOURTEEN DAY DEADLINE |

Plaintiff, Candace Smith ("Plaintiff" or "Smith"), is proceeding pro se and *in forma pauperis* on her First Amended Complaint (Doc. No. 5) in this civil action.  For the reasons set forth below, the undersigned recommends that the district court dismiss this action without further leave to amend and close this case.

**SCREENING REQUIREMENT**

Because Plaintiff is proceeding *in form pauperis*, the Court may dismiss a case "at any time" if a court determines, *inter alia*, the action is frivolous or malicious, fails to state claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C § 1915(e)(2)(B)(ii) -(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all litigants proceeding *in forma pauperis*).  A complaint, however, should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him to relief.  *Johnson v.*

1

*Knowles,* 113 F.3d 1114, 1117 (9th Cir. 1997), *cert. denied,* 552 U.S. 996 (1997). A complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At this stage, the court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). A court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

Due to a plaintiff's pro se status, a court must liberally construe the operative complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29; *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of a court to advise a litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

## SUMMARY OF OPERATIVE COMPLAINT

Plaintiff names the following 18 defendants in her First Amended Complaint: (1) Chick-Fil-A; (2) Planet Fitness; (3) McDonald's Incorporated; (4) West Coast Hotel Management LLC; (5) Kemper Insurance; (6) Farmers Insurance; (7) Kasier Hospital; (8) Community Hospital; (9) Dannette Noval; (10) Michelle Cordoza; (11) the City of Fresno; (12) Agape Schools; (13) Ramada Hotel; (14) Saint Agnes; (15) University Inn; (16) University Square; (17) Hometown Suites, LLC; and (18) Chase Bank. (Doc. No. 5 at 1-2).

Under the "Basis of Jurisdiction" section of the Complaint, Plaintiff checks "diversity of

2

citizenship." Plaintiff sequentially lists the 18 named defendants to the left of the section of the complaint from where Plaintiff is required to provide information for each individual defendant, draws an arrow around a bracket of the listed defendants, and states they are citizens of the State of California. (*Id*.). Despite checking "diversity of citizenship" as the basis of jurisdiction, Plaintiff also identifies "violation of civil rights," "coordination of unruly & terrorist activities," *inter alia*, in her response to whether the basis of jurisdiction is a federal question. (*Id*. at 4). Due to its brevity, the Court cites in full an unedited statement of Plaintiff's claim:

> Upon such the entities are actors & scammers who have target the plaintiff through violation of civil code, civil rights, and looting from insurance scams, fake copy calls, druggings & terrorist incidences. Ongoing harassment & women fighting over men tounting and troubling. All of which by conduct has caused a series of emotional distress & sickness & loss of job & more.

(*Id*. at 5, unedited). As relief, Plaintiff seeks punitive and monetary damages. (*Id*. at 6).

## DISCUSSION

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at any time by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988). A federal court is presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). If a federal court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Jurisdiction founded on 28 U.S.C. § 1332 requires the parties be in complete diversity and the amount in controversy exceed $75,000. To establish citizenship for diversity purposes, a

natural person must be a citizen of the United States and be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is considered domiciled in the place they reside if they intent to remain there or intend to return there. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F. 3d 846, 850 (9th Cir. 2012).

      According to the First Amended Complaint, Plaintiff and each named defendant are citizens of California. Thus, <u>as alleged</u> the Amended Complaint facially fails to meet the requirement to establish diversity jurisdiction under §1332. Since Plaintiff and defendants are citizens of the same state, complete diversity is lacking, and Plaintiff cannot proceed in federal court based on diversity jurisdiction under 28 U.S.C. § 1332. *Garcia-Cardenas v. Immigration Legal Servs.*, APC, No. 1:13-CV-01065-AWI, 2013 WL 4542223, at *2 (E.D. Cal. Aug. 27, 2013) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (no plaintiff can be a citizen of the same state as any of the defendants)). Nonetheless, the Court has previously advised Plaintiff that the citizenship of an entity is not merely established by the location of a physical business. *Smith v. Planet Fitness*, No. 1:24-CV-0203 JLT HBK, 2024 WL 3226763, at *2 (E.D. Cal. June 28, 2024) (declining to adopt findings and recommendations due to Plaintiff's pro se status and advising Plaintiff that Planet Fitness is a limited liability company, organized under the laws of New Hampshire, and would be deemed a citizen of that state). Despite this advisement, Plaintiff continues to identify each of the 18 named defendants as citizens of California. The Court notes two of the defendants are individuals and accepts Plaintiff's averment that both are citizens of California. Further, the Court takes judicial notice that at least defendant, the City of Fresno, is a citizen of the State of California. *Moor v. Alameda Cnty*., 411 U.S. 693, 717–18 (1973) (recognizing that a State is not a "citizen" for purposes of the diversity jurisdiction but acknowledging that a political subdivision of a State, such as a county or city, unless it is simply "the arm or alter ego of the State," is a citizen of the State for diversity purposes) (internal citations and footnotes omitted). Thus, diversity is lacking for federal jurisdictional purposes.

Turning to federal question jurisdiction,[1] a federal question is presented in an action when the claim "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112–113 (1936).

Liberally construing the First Amended Complaint, it appears that Smith believes she has been the victim of a scam or crime. No matter how liberally construed, however, the Court cannot independently discern from the face of the First Amended Complaint what federal question is presented. Plaintiff's rambling and in coherent allegations do not allege the involvement of any state actor (except for the City of Fresno) or otherwise implicate the United States Constitution or any federal statutes. To the extent that Smith seeks to bring a claim for tort or fraud under state law, she must pursue that claim in state court. 28 U.S.C. § 1367(c)(3). And criminal statutes do not provide basis for civil lawsuits. *See, e.g., Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming dismissal of a plaintiff's claims because "criminal statutes that do not give rise to civil liability"). Thus, the undersigned finds no federal question for jurisdiction.

**B. Federal Rule of Civil Procedure 8(a)**

Plaintiff's First Amended Complaint is not a short and plain statement of her claims. It. contains no facts to support her allegations, exclusively relying on conclusory statements. Further, it is unclear what Plaintiff is alleging and against whom. Specifically, the First Amended Complaint does not provide clear, concise allegations against each individually named defendant sufficient to state a claim that is plausible on its face. Despite being provided with the relevant standard, Plaintiff has been unable to cure the pleading deficiencies.

////

---

[1] The complaint does not assert jurisdiction based on federal, (*see generally* Doc. No. 5), but the Court evaluates the Complaint on this basis considering Plaintiff's pro se status and her reference to violations of her "civil rights."

**C. No Further Leave to Amend**

The Court previously screened Plaintiff's original complaint and provided her with an opportunity to cure its deficiencies. (See Doc. No. 4). The Court also instructed Plaintiff in detail on the applicable law and pleading requirements. (*Id.*). Despite affording Plaintiff an opportunity to correct the deficiencies in her original complaint, the First Amended Complaint again fails to properly invoke this Court's subject matter jurisdiction and otherwise fails to adequately state any plausible federal claim. Because there is no federal jurisdiction for Plaintiff's cryptic claims, the undersigned finds that any further amendment would be futile and recommends the district court dismiss the First Amended Complaint without further leave to amend. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) *citing Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal").

Additionally, the undersigned notes that Plaintiff is no stranger to this Court. In fact, a review of the Court's case management and electronic filing system reveals that since 2024 to the date of these Findings and Recommendations, Plaintiff has filed 20 cases in this District. Of these cases, 18 have either been dismissed or are pending possible dismissal:

- *Smith v. Novoa*, No. 1:24-cv-00199-JLT-SKO (filed February 14, 2024; dismissed March 26, 2024, for lack of subject-matter jurisdiction and without further leave to amend);

- *Smith v. Cordoza*, No. 1:24-cv-00200-KES-BAM (filed February 14, 2024; dismissed October 11, 2024, for failure to comply with Federal Rule of Civil Procedure 8 and failure to establish Court's jurisdiction);

- *Smith v. Planet Fitness, et al.*, No. 1:24-cv-00203-JLT-HBK (filed February 15, 2024; dismissed August 2, 2024, for failure to comply with the Court's orders and failure to prosecute);

- *Smith v. McDonalds Incorporated, et al.*, No. 1:24-cv-00204-KES-SAB (filed

February 15, 2024; dismissed November 25, 2024, without further leave to amend, for failure to comply with Federal Rule of Civil Procedure 8 and failure to establish subject-matter jurisdiction);

- *Smith v. Novoa, et al.*, No. 1:24-cv-00221-KES-HBK (filed February 21, 2024; dismissed December 10, 2024, without further leave to amend, for being duplicative of filing *Smith v. Novoa*, No. 1:24-cv-00199-JLT-SKO and for lack of subject-matter jurisdiction);

- *Smith v. Novoa, et al.*, No. 1:24-cv-00251-KES-EPG (filed February 29, 2024; dismissed August 26, 2024, for failure to file a long form in forma pauperis application or pay filing fee);

- *Smith v. Davis*, No. 1:24-cv-00476-JLT-EPG (filed April 22, 2024; dismissed January 7, 2025, without further leave to amend for lack of subject-matter jurisdiction);

- *Smith v. Ayodale, et al.*, No. 1:24-cv-00538-JLT-BAM (filed May 6, 2024; dismissed without leave to amend for lack of jurisdiction);

- *Smith v. West Coast Hotel Management, LLC, et al.*, No. 1:24-cv-00586-KES-HBK (filed May 16, 2024; dismissed December 3, 2024, for failure to prosecute)

- *Smith v. Kemper Insurance, et al.*, No. 1:24-cv-00587-JLT-SKO (filed May 16, 2024; dismissed November 19, 2024 for failure to prosecute and failure to comply with Court's orders);

- *Smith v. Farmers Insurance, et al.*, No. 1:24-cv-00588-KES-BAM (filed May 16, 2024; pending recommended dismissal for failure to prosecute);

- *Smith v. Community Hospital, et al.*, No. 1:24-cv-00589-KES-BAM (filed May 16, 2024; dismissed December 23, 2024, for failure to prosecute);

- *Smith v. Chick-Fil-A, et al.*, No. 1:24-cv-00814-JLT-BAM (filed July 15, 2024; dismissed November 27, 2024, for failure to state a claim upon which relief can be granted and for failure to comply with Court's orders);

- *Smith v. Dyer*, et al., No. 1:24-cv-01100-JLT-SKO (filed September 16, 2024;

dismissed November 27, 2024 without leave to amend for lack of subject-matter jurisdiction);

- *Smith v. Dyer, et al.*, No. 1:24-cv-01288-JLT-EPG (filed October 22, 2024; dismissed January 8, 2025, without leave to amend for failure to comply with Federal Rule of Civil Procedure 8 and for lack of subject-matter jurisdiction);
- *Smith v. University Inn Hotel, Inc, et al.*, No. 1:24-cv-01316-KES-EPG (filed October 28, 2024; dismissed February 11, 2025, without leave to amend for failure to comply with Federal Rule of Civil Procedure 8 and for lack of subject-matter jurisdiction);
- *Smith v. Carlise, et. al.*, No. 1:24-cv-01317-KES-BAM (filed October 28, 2024; dismissed February 11, 2025, without leave to amend for failure to prosecute);
- *Smith v. George Brown Fitness, et al.*, No. 1:24-cv-01561-JLT-SAB (filed December 18, 2024; pending recommended dismissal without leave to amend for failure to comply with Federal Rule of Civil Procedure 8 and for lack of subject-matter jurisdiction);

Based on the foregoing, the undersigned finds granting leave to amend in this action would be futile. Additionally, the Court has concluded that it lacks subject-matter jurisdiction over this action, and it does not appear that Plaintiff could cure this deficiency by submitting an amended complaint.

**FINDINGS AND RECOMMENDATION**

The undersigned finds the Court lacks subject-matter jurisdiction over this action and that Plaintiff's Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure and state a cognizable federal claim. Further, the undersigned recommends that no further leave be provided considering Plaintiff's extensive litigation history with deficient filing in this District and her apparent inability to cure her pleadings.

Accordingly, it is **RECOMMENDED:**

1. The district court dismiss the First Amended Complaint without further leave to amend.

2. The Clerk of Court be directed to close this case.

## NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     February 13, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE